IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PLASIDA NAVARRO,<br><br>                     Plaintiff,<br>v.<br><br>TUFESA USA LLC, an Arizona Limited Liability Company, and ABUNDIO GUADALUPE MIRANDA, an individual,<br><br>                     Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE TO THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY, STATE OF UTAH**<br><br>Case No. 2:17-cv-00044-JNP-PMW<br><br>District Judge Jill N. Parrish |

## BACKGROUND

On December 12, 2016, Ms. Plasida Navarro ("Ms. Navarro") filed suit in the Fourth Judicial District Court, Utah County, State of Utah against Tufesa USA LLC ("Tufesa") and "John Doe." Ms. Navarro is a "Mexican national residing in Utah County, Utah." Am. Compl. at ¶ 2. Tufesa is a "Limited Liability Company maintaining its principal place of business in Phoenix, Arizona." *Id.* at ¶ 3. John Doe's citizenship was unknown at the time of filing. On January 17, 2017, Tufesa filed a Notice of Removal to Federal District Court pursuant to 28 U.S.C. § 1446. The notice of removal asserted that the United States District Court, District of Utah had subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a) because there was complete diversity between the parties and the amount in controversy exceeded $75,000.[1] Ms. Navarro did not oppose the removal.

---

[1] Tufesa identified John Doe as Mr. Abundio Guadalupe Miranda, a Mexican national, in its notice of removal. But at the time of removal Miranda had not been added as a party and "[u]nder the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

On February 14, 2017, Ms. Navarro filed a Motion to Amend/Correct the Complaint, seeking to replace "John Doe" with Abundio Guadalupe Miranda ("Miranda"), a Mexican national, as a defendant. Tufesa did not object and the court granted Ms. Navarro leave to amend. Miranda was then joined as a defendant. But Miranda's joinder destroyed diversity jurisdiction because Ms. Navarro and Miranda are both foreign citizens. "[T]he presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2),"[2] and the court does not have diversity jurisdiction over such a case unless there are also United States citizens on both sides of the action.[3] Ms. Navarro is the sole plaintiff in this action and she is not an American citizen. Thus this court has lacked subject matter jurisdiction over the suit since Navarro amended the complaint in April of 2017.

Jurisdiction was never challenged by either party and only came to the court's attention upon review of Tufesa's motion for summary judgment. The court then immediately issued an Order to Show Cause as to why the case should not be remanded to state court. In their responsive supplemental briefing, both parties acknowledge that the joinder of Miranda destroyed subject matter jurisdiction. But while Navarro agrees that the case must be remanded, Tufesa opposes remand and instead filed a motion to dismiss the claims against Miranda on the grounds that he

---

[2] *Air Century SA v. Atlantique Air Assistance*, 447 F. App'x 879, 881 (10th Cir. 2011) (quoting *U.S. Motors v. Gen. Motors Eur.,* 551 F.3d 420, 424 (6th Cir. 2008)); *see also China Nuclear Energy Indus. Corp. v. Andersen, LLP,* 11 F. Supp. 2d 1256, 1257 (D. Colo. 1998) (citing *Kramer v. Caribbean Mills,* 394 U.S. 823, 824 n. 2 (1969) and *Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp.,* 897 F.2d 461, 465 (10th Cir.1990)).

[3] "[Section] 1332(a) does not vest the district court with jurisdiction over actions between parties only of foreign citizenship. [Section] 1332(a)(3) does, however, permit foreign citizens to be a party to an action between citizens of different states." *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000). In *Gschwind* the court did not decide the issue of whether § 1332(a) "require[s] United States citizens on both sides of an action between foreign citizens" but it considered the decisions of other circuits holding the same. *See id.* (collecting cases).

has yet to be properly served. Tufesa argues that Miranda should be dismissed to preserve subject matter jurisdiction because Ms. Navarro never made any attempt to serve Miranda and because she has effectively abandoned her claims against Miranda. In her opposition memorandum, Ms. Navarro argues that she has attempted to serve Miranda and that she still fully intends to pursue her claims against him. In reply, Tufesa argues that Miranda should still be dismissed despite Ms. Navarro's attempts at service because her efforts were not adequate under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") and were therefore insufficient under Fed. R. Civ. P. 4(f)(1). The court addresses each argument in turn.

## ANALYSIS

Under 28 U.S.C. §§ 1447(c) and (e), after a case has been removed from state court to federal district court, at any time when it either "appears that the district court lacks subject matter jurisdiction," or the court permits joinder of "additional defendants whose joinder . . . destroy[s] subject matter jurisdiction," the court must "remand the action to the State Court." As the Tenth Circuit held in *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008), "if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." This rule applies both when a court permits joinder and "when the complaint is amended to replace 'John Doe' defendants with defendants identified by name." *Id.*

Navarro moved to amend her complaint and replace "John Doe" with Miranda in 2017. Tufesa did not oppose Miranda's joinder and this court subsequently granted the unopposed motion to amend. The case should have been remanded at that time. Tufesa now seeks to preserve this court's subject matter jurisdiction over the case by dismissing Miranda for lack of service under Fed. R. Civ. P. 4(m), which states, "[i]f a defendant is not served within 90 days after the

3

complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

But dismissal under Fed. R. Civ. P. 4(m) is not appropriate here for two reasons. First, Miranda resides in Mexico where he must be served pursuant to Fed. R. Civ. P. 4(f), and Fed. R. Civ. P. 4(m) explicitly "does not apply to service in a foreign country under Rule 4(f)." Second, although some courts have dismissed foreign defendants for lack of timely service,[4] the only cases where such dismissal has been found to cure defects in diversity jurisdiction are those where "the plaintiff *did not attempt* to serve the defendant in the foreign country" and therefore was found to have completely abandoned all claims against the non-diverse defendants.[5] Unless Navarro abandoned her claims against Miranda by failing to attempt service, this court will not dismiss Miranda, a properly joined foreign defendant, for failure to serve.

Ms. Navarro has attempted to serve Miranda. *See* Navarro's Opp. Mot. Dismiss. In fact, immediately after the court granted Ms. Navarro leave to amend and simultaneously ordered Tufesa to provide Ms. Navarro with Miranda's contact information, Ms. Navarro hired two individuals, Mr. Israel Amaya-Coronado and Mr. Eduardo Israel Garcia-Coronado, to trace Miranda to his home in Hermosillo, Sonora, Mexico. Mr. Garcia-Coronado testified that he

---

[4] *See Lozano v. Bosdet*, 693 F.3d 485, 488 (5th Cir. 2012) (recognizing a "flexible due diligence" standard for service under Fed. F. Civ. P. 4(f)); and *Feliz v. MacNeill*, 493 F. App'x 128, 132 (1st Cir. 2012) (dismissing a foreign defendant after continued failure to serve within a court authorized period). The Tenth Circuit has not addressed this issue, but district courts in the circuit have. For example, in *Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, No. 10-CV-02271-PAB-BNB, 2012 WL 5353572, at *1 (D. Colo. Oct. 29, 2012), the court first vacated default judgments against foreign defendants for failure to properly serve and then dismissed the action due to the plaintiff's failure to cure. But subject matter jurisdiction was not at issue in any of these cases.

[5] *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 134 (2d Cir. 2005) (emphasis added); *see also Mentor Ins. Co. (U.K.) v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993).

successfully made contact with Miranda and handed him copies of the Amended Complaint on April 28, 2017. Not only did Navarro clearly attempt service, but her attempts were made well within the ninety days that would apply to service of a domestic defendant or under the "flexible due diligence standard" applicable in some circuits. *See* note 4. What is more, when her attempts to communicate with Miranda faltered, Ms. Navarro hired Mr. Guillermo Gutierrez Lopez, an attorney at law in Villa Corona, Jalisco, Mexico, to locate Miranda and investigate his paper trail, clearly indicating that she had not abandoned her claims against him.

In its reply in support of its motion to dismiss, Tufesa argues that regardless of whether Ms. Navarro believed that she had served Miranda, her attempts were ineffective under Fed. R. Civ. P. 4(f) because they failed to comply with the Hague Convention, which is the only form of service available in Mexico (*see Saysavanh v. Saysavanh*, 2006 UT App 385, ¶ 12, 145 P.3d 1166, 1169). Tufesa then renews its arguments that the court should dismiss Miranda for failure to serve and preserve subject matter jurisdiction. But the court need not reach the issue of whether the attempted service was effective. First, 28 U.S.C. section 1447 requires that any action be remanded when a non-diverse party is joined or added, not just when proper service is effectuated. Second, the cases authorizing dismissal of a non-diverse foreign defendant to preserve jurisdiction are only applicable where the plaintiff has effectively abandoned its claims by utterly failing to attempt service. Navarro has attempted service and therefore Miranda is still a party, regardless of the effectiveness of service. For these reasons, the court declines to dismiss Miranda. With Miranda as a party, there is a lack of complete diversity and this court lacks subject matter jurisdiction. The case therefore must be remanded to state court.

**ORDER**

Tufesa's Motion to Dismiss (ECF No. 46) is **DENIED.** In accordance with 28 U.S.C. § 1447, the court **HEREBY ORDERS** that this action be immediately **REMANDED** to the Fourth Judicial District Court of Utah County, State of Utah, as civil case number 160401850.

Signed February 21, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge